## Case No. 645.

### In re AUGUST et al.

### [19 N. B. R. 161.]

District Court, S. D. New York. April 21, 1879.

BANKRUPTCY — COMPOSITION PROCEEDINGS — DISCHARGE OF ASSIGNEE—TAXING REGISTER'S FEES.

[1. Where a composition between a bankrupt and his creditors has been confirmed, and its terms complied with, any question as to what amount the assignee should pay over to the bankrupt as the balance in his hands should be determined by the register under a special order of the court, and not upon a final accounting or creditors' meeting pursuant to Rev. St. § 5096.]

[2. The confirmation of such composition, and the bankrupt's compliance with its conditions, suspends the functions of the assignee as to the administering of the estate, subject to revival by an order of the court setting aside the composition; and the delivery of any property to the bankrupt, pursuant to the terms of the composition, completely discharges the assignee from further liability therefor, since the creditors have waived their right to call him to account for it as long as the composition remains in force.]

[3. If any question arises in respect to the register's fees, they must be taxed by the clerk, pursuant to general order No. 30, before they can be allowed, and an order therefor should be made on application of the bankrupts.]

[In bankruptcy. On motion by August and others, bankrupts, a composition with their creditors having been confirmed, that it be referred to the clerk of the court to ascertain the amount due from the assignee to the bankrupts. Order referring the matter to the register.]

Prescott & Butler and E. W. Bloomingdale, for bankrupts.

W. T. Carlisle, for assignee.

CHOATE, District Judge. In this case a composition has been accepted and confirmed, which provides for the payment of ten per cent. in cash, and twelve and a half per cent. more to be secured by the notes of the bankrupts, payable in six or twelve months. The cash instalments having been paid and the notes given conformably to the resolution, and the assignee having filed his account with the register, he gave notice to the creditors, in conformity with Rev. St. § 5096, that he would apply for a settlement of his account and for a discharge from his liability as assignee. In pursuance of this notice, a meeting of creditors has been convened for the purpose of passing the assignee's account. At that meeting the bankrupts objected to the regularity of the proceedings, on the ground that the creditors have no interest in the funds in the hands of the assignee; that, since the confirmation of the composition, the bankrupts alone are entitled to whatever of their estate is in the hands of the assignee; and that any question arising between the bankrupts and the assignee, as to what amount of money the assignee should pay over as the balance in his hands, should be determined under a special order of the court, and not upon a final accounting or a creditors' meeting, pursuant to Rev. St. § 5096. The bankrupts now move, on notice to the assignee, that it be referred to the clerk of this court to ascertain the amount due from the assignee to the bankrupts.

The position taken by the bankrupts in respect to the meeting of creditors called to pass the final account of the assignee is correct. Such meeting should not have been called. The creditors have in fact consented, by adopting the resolutions of composition, that the entire estate be delivered to the bankrupts to enable them to perform, on their part, the agreement of composition. Thereupon it became the duty of the assignee to hand over any balance of money remaining in his hands to the bankrupts, and also any other assets belonging to the estate. His functions, so far at least as the administering of the bankrupts' estate is concerned, are, by the confirmation of the composition and the bankrupts' compliance with the conditions thereof, which were precedent to the delivery of the property to them, suspended, subject, however, to being revived in case, under the power reserved by the statute to the court, an order shall hereafter be made setting aside the composition. The delivery by the assignee of any money or property to the bankrupts, pursuant to the terms of the composition, completely discharges him from further liability therefor; the creditors having consented that he pay over the money in his hands to the bankrupts having necessarily waived any right which, but for this agreement, they would have had to call him to an account therefor, at least so long as that agreement remains in force. The account to be taken at a creditors' meeting under section 5096 is professedly preparatory to the declaring of a dividend, and no such dividend is now possible.

The court has power to enforce the terms of the composition, and therefore will, upon the application of either party, determine any questions that may arise in such a case between the assignee and the bankrupts as to what is the balance of the estate in the assignee's hands to which the bankrupts are entitled. The proper mode of doing this is to refer it to the register in charge of the case, by special order, to take account of the money received and disbursed by the assignee, and to report what amount he still holds, if any, which the bankrupts are entitled to. It is urged that as this is not a duty specially imposed on the register, by the statute, the court may refer the matter to the clerk. Doubtless it is within the power of the court to dispense with the assistance of the register in this or any other matter; but the evident design of the statute is, that when the court needs the aid of such an officer in the performance of duties of this general character in the administration of the bankrupt law, it shall call to

its assistance the registers. Rev. St. §§ 4993, 4998; General Orders 5 and 19. No cause is shown for not referring this matter to the register. It would not, therefore, be proper to refer it to any other person. It is suggested, however, that questions are likely to arise in the settlement of the account in respect to charges of the register paid by the assignee, and which he asks to have allowed as disbursements. This constitutes no reason for withholding the order referring the account to the register. In respect to the register's fees, if any question arises, they must be taxed by the clerk, pursuant to General Order No. 30, before they can be allowed; and an order therefor will be made on application of the bankrupts.

Order referring the matter to the register.